Associate Justices—Joseph McKenna of California, Oliver Wendell Holmes of Massachusetts, Pierce Butler of Minnesota, William VanDeventer of Wyoming, Justice Sandford, James Clark McReynolds of Tennessee, Louis D. Brandeis of Massachusetts and George H. Sutherland of Utah.

Clerk—Wm. S. Stansbury, Dist. Columbia.

Deputy Clerk—Philander R. Stansbury.

Marshal—Frank K. Green of Kentucky.

Reporter—Ernest Knaebel of Colorado.

Terms—At Washington, D. C., second Monday in October, annually.

---

No. 654

PENNSYLVANIA, WEST VA. AND OHIO v. W. VIRGINIA

U. S. Supreme Court

Nos. 15, 16. Decided June 11, 1923

**91. COMMERCE.**

W. Va. statute requiring natural gas companies to prefer consumers of W. Va., where gas is produced, to consumers of other states, held prohibited interference with Inter-State Commerce (224).

**105. CONSTITUTIONAL LAW.**

Whether state may withdraw natural product from Inter-State Commerce is judicial question, even in suits between states.

**206. INJUNCTION.**

Consummation of threatened injury not required to obtain preventive relief if injury is certainly impending.

VAN DAVANTER, J.

Epitomized Opinion

Actions by Pa. and Ohio to enjoin W. Va. from enforcing an act of its legislature requiring all natural gas companies producing gas within its state to satisfy demand of W. Va. consumers before transporting gas to other states. For many years natural gas produced in W. Va. has been supplied not only to W. Va. consumers but to those of Ohio, Pa. and other states. This natural supply has been steadily diminishing until it is impossible to supply the demand of W. Va. consumers without curtailing the supply to other states. The pipe lines are operated as public utilities and supply gas to charitable, educational and penal institutions in the states, to industrial plants and to domestic consumers. The act whose enforcement is sought to be enjoined was passed by W. Va. legislature Feb. 10, 1919, and went into effect May 11. These suits were brought eight days thereafter by direction of the legislatures of the complainant states and by leave of this court. Interlocutory injunctions were prayed and granted at the outset and are still in force. In declaring the W. Va. act void and inoperative enactment, the Supreme Court of the U. S. held:

1. Each suit presents a direct issue between two states as to whether one may withdraw a natural product, a common subject of commercial dealings

from an established current of commerce moving into the territory of the other. It is alleged and denied that such a withdrawal is an interference with inter-state commerce, forbidden by the U. S. Constitution. This is essentially a judicial question.

2. As the health, comfort and welfare of the private consumers in each state are seriously jeopardized by the threatened withdrawal of the gas from the inter-state stream, this is a matter of grave public concern in which the state, as the representative of the public, has an immediate interest recognized by law apart from that of the individuals affected. 180 U. S. 208, 241. 185 U. S. 125, 141.

3. These suits were not brought prematurely. One does not have to await the consummation of threatened injury to obtain preventive relief. If the injury was certainly impending that is enough.

4. It is not necessary to make the pipe line companies parties to this suit, nor is it necessary to make the consumers of W. Va. who will be benefited if the act is enforced parties to the action.

5. Natural gas is a lawful article of commerce and its transmission from one state to another for sale and consumption in the latter is inter-state commerce. A state law whether of the state where the gas is produced or that where it is to be sold which by its necessary operation prevents, obstructs or burdens such transmission is a regulation of inter-state commerce—a prohibited interference. 221 U. S. 229. By the Constitution, Art. 1, Par. 8, Cl. 3, the power to regulate inter-state commerce is expressly committed to Congress and therefore impliedly forbidden to the states.

Mr. JUSTICE HOLMES, in dissenting, held:

1. The statute seeks to reach natural gas before it has begun to move in commerce of any kind. It addresses itself to gas, hereafter to be collected and states to what uses it first must be applied. The gas is collected under and subject to the law if valid and at that moment it is not yet matter of commerce among the states. Products of a state until they are actually started to a point outside it, may be regulated by the state notwithstanding the commerce clause. Mining Co. v. Lord, 262 U. S. Notthing in the comomerce clause prevents a state from giving a preference to its inhabitants in the enjoyment of its natural advantages. The law of W. Va. and of W. Va. alone makes the W. Va. gas what is called a public utility, and how far it shall be such is a matter that that lawalone decies.

Mr. JUSTICE McREYNOLDS, in dissenting, held:

1. The record presents no judicial controversy. Certainly none within the original jurisdiction of this court. Vindication of the freedom of inter-state commerce is not committed to any state as parens patriae. 176 U. S. 1.

Mr. JUSTICE BRANDEIS, in dissenting, held:

1. This court is without jurisdiction of the subject matter. The bills present neither a case nor a controversy within the meaning of the Federal Constitution. Moreover, it is not shown that there is in a legal sense danger of invasion of the alleged rights.

## FEDERAL SUPREME COURT
### Concluded

2. There is a fatal lack of necessary parties. It is only by failure of the twelve exporting companies to continue the exportation of gas that the plaintiffs and other consumers or the distributing companies in Pa. or Ohio can be injured. They should be parties.

3. This court, sitting in equity, should not lend its aid to enable W. Va. public service corporations to discriminate against W. Va. consumers in the interest of Ohio and Pa. consumers.

Attorneys—J. W. Davis of N. Y. City, J. G. Price and F. T. Eagleson of Columbus, O., R. G. Altizer of Charleston, W. Va., and E. E. Corn of Ironton, O., for State of Ohio; G. M. Hoffheimer of Clarksburg, W. Va., E. T. England and F. O. Blue of Charleston, W. Va., and P. P. Steptoe of Clarksburg, W Va., for the State of W. Va.; G. E. Alter of Pittsburgh, W. I. Schaffer of Chester, Pa., and A. L. Weil of Pittsburgh, for Pa.